UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: Paragard IUD Products Liability Litigation | MDL DOCKET NO. 2974<br><br>CIVIL ACTION FILE NO. 1:20-md-02974-LMM<br><br>This Document Relates To: 1:23-cv-02973, 1:22-cv-03385, 1:23-cv-00139, 1:22-cv-01970 |

### NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION

A motion for summary judgment has been filed in this court in a case in which you are a party. You are hereby notified that within 21 days from the date said motion was served upon you, you must file all materials, including any affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials, which you wish to be considered in opposition to the motion for summary judgment, Federal Rules of Civil Procedure, Rule 56(c)(1)(B); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

You are also notified that, unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 21 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v.Wainright, 722 F.2d 822, 825 (11th Cir. 1985).

The entry of summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the nonmoving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the non-moving party must go beyond the pleadings and must designate, by sworn affidavit or other materials, "...specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S.317, 324; 106 S.Ct.2548, 2552-53; 91 L.Ed.2d 265, 272-73.

Dated at Atlanta, Georgia this 4th day of March, 2025.

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE/
CLERK OF COURT